UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER 13-CV-805 (PAM/JJG)

_____

Alanna O'Leary,

       Plaintiff,

v.

**AMENDED COMPLAINT**

American Accounts & Advisers, Inc.,
and Equifax Information Services, LLC,

       Defendants.

_____

1. Alanna O'Leary ("Consumer") brings this action to address violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by American Accounts & Advisers, Inc. ("Debt Collector"), and in the alternative the violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, by Equifax Information Services, LLC ("Reporting Party").

## JURISDICTION, VENUE, AND PARTIES

2. This United States District Court has jurisdiction over all FDCPA claims, FCRA claims, and federal questions. 15 U.S.C. § 1692k(d); 15 U.S.C. § 1681p; 28 U.S.C. § 1331.

3. Venue is proper because a substantial part of the events giving rise to this

claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2).

4. Consumer is a natural person who is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Debt Collector is a Minnesota corporation with a registered address of 7460 80th Street, Cottage Grove, MN 55016. Debt Collector's principal business and purpose is the collection of debts, making it a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Reporting Party is a Georgia limited liability corporation with a registered address of 380 Jackson Street, #700, St. Paul, MN 55101.  Reporting Party's principal business is assembling consumer credit information for the purpose of furnishing them to third parties, making it a "consumer Reporting Party" as defined by 15 U.S.C. § 1681a(f).

## FDCPA REQUIREMENTS

7. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

## FCRA REQUIREMENTS

8. "If a consumer reporting agency is notified pursuant to § 1681s-2 that information regarding a consumer [which] was furnished to the agency is disputed by the consumer, the agency shall indicate that fact in each consumer report that includes the disputed information." 15 U.S.C. § 1681c(f).

## FACTS

9. On February 25, 2013, Consumer disputed 11 debts which Debt Collector was alleging against her to Reporting Party (the "Debts"). *See dispute summary attached as* **EXHIBIT A**.

10. Debt Collector verified 10 of the Debts to Reporting Party on March 19, 2013. *See verification attached as* **EXHIBIT B**.

11. Having been notified by Reporting Party of Consumer's disputes, Debt Collector reported the debts to Reporting Party without any indication that Consumer disputed them. *See* **EXHIBIT B**.

12. In the alternative, if Debt Collector notified Reporting Party of the disputes, Reporting Party failed to include the disputes on Consumer's credit report produced March 19, 2013.

## COUNT I: VIOLATION OF 15 U.S.C. § 1692e(8)
### (against Debt Collector)

13. Consumer incorporates all other allegations as if set forth herein in full.

14. Debt Collector violated 15 U.S.C. § 1692e(8) by communicating 10 of the Debts to Reporting Party without indicating that Consumer had disputed them.

15. Debt Collector's violations have caused Consumer to suffer emotional distress, confusion, frustration, anxiety, fear, and helplessness.

16. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the Court.  15 U.S.C. § 1692k.

### COUNT II: VIOLATION OF 15 U.S.C. § 1681c(f)
**(against Reporting Party in the alternative)**

17. Consumer incorporates all other allegations as if set forth herein in full.

18. Reporting Party violated 15 U.S.C. § 1681c(f) by failing to indicate Consumer's dispute on her credit report after having been notified of it by Debt Collector in compliance with 15 U.S.C. § 1681s-2.

19. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Reporting Party in an amount to be determined by the Court.  15 U.S.C. §§ 1681n(a), 1681o(a).

### JURY TRIAL

20. Consumer demands a jury per U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

**PRAYER FOR RELIEF**

WHEREFORE, Consumer requests an Order for the following relief:

1. Judgment in favor of Consumer and against Debt Collector for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and reasonable attorney's fees.

2. In the alternative, judgment in favor of Consumer and against Reporting Party for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and reasonable attorney's fees.

3. All other relief which the Court deems just and equitable.

Dated: 5/23/13         /s/ Bennett Hartz
                              Jonathan L. R. Drewes (#387327)
                              Bennett Hartz (#393136)
                              DREWES LAW, PLLC
                              1516 West Lake Street, Ste 300
                              Minneapolis, MN 55408
                              T (612) 285-3064
                              F (612) 285-3062
                              bennett@dreweslaw.com
                              *Attorneys for Consumer*